## NATIONAL LABOR RELATIONS BOARD v. NATIONAL TRAFFIC GUARD CO.

### No. 10548.

Circuit Court of Appeals, Fifth Circuit.
April 22, 1943.

Rehearing Denied May 27, 1943.

Robert B. Watts, Gen. Counsel, National Labor Relations Board, Ernest A. Gross, Associate Gen. Counsel, National Labor Relations Board, and Raymond J. Compton, Atty., National Labor Relations Board, all of Washington, D. C., for petitioner.

Robt. B. Troutman and Wm. K. Meadow, both of Atlanta, Ga., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition for enforcement of an order of the National Labor Relations Board requiring respondent to cease and desist from discouraging membership in any labor organization of its employees by discriminating in regard to employment or conditions of employment, or in any other manner interfering with the rights of its employees to organize and bargain collectively; to offer reinstatement in the usual form to W. L. Croft, a former employee; to make whole said employee for any loss of pay suffered by reason of his discriminatory discharge; to post appropriate notices; and to give notice within ten days of steps taken to comply with the order. The question for decision is whether the findings of fact upon which the order is based are supported by substantial evidence.

Croft was the most active union advocate of all the employees, and he was discharged on the day after he, and others acting partially from his inducement, had joined the union. He admittedly was one of the ablest, and the most experienced, of the employees engaged in molding, and the satisfactory character of his services was not questioned. The only reason ever assigned by the company for his discharge was that he committed a minor infraction of a company rule; punishment for the same offense when committed by other employees never exceeded a mild reprimand. The superintendent of the plant, by whom Croft was discharged, was openly antagonistic toward all unions affiliated with the C.I.O., as was the union here involved.

The legal principles controlling the determination of this issue under the National Labor Relations Act are well settled, and it would be of no real benefit to the litigants or the jurisprudence to set forth an elaborate analysis of the facts upon which our decision turns. We deem it sufficient to say that these facts warranted the inference drawn by the Board that Croft's union activity was the primary reason for respondent's action.[1] The other contentions of respondent have been examined, and are without merit.

An appropriate decree will be entered directing that the order of the Board be enforced.

[1] International Association of Machinists v. N. L. R. B., 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50; N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368; Solvay Process Co. v. N. L. R. B., 5 Cir., 117 F.2d 83.